**UNITED STATES of America, Appellee,**

v.

**Benjamin DUARTE, Defendant, Appellant.**

**No. 97–1248.**

United States Court of Appeals, First Circuit.

Heard Nov. 4, 1998.

Decided Nov. 19, 1998.

Robert J. Iacovelli for appellant.

Alexandra Leake, Assistant United States Attorney, with whom Donald K. Stern, Unit-

ed States Attorney, and Sheila W. Sawyer, Assistant United States Attorney, were on brief for appellee.

Before SELYA, Circuit Judge, COFFIN and CAMPBELL, Senior Circuit Judges.

*Per Curiam.*

Defendant-appellant Benjamin Duarte seeks reversal of his criminal conviction for being a felon in possession of a firearm and ammunition, *see* 18 U.S.C. § 922(g)(1), based on an alleged violation of his Fifth Amendment right against self-incrimination. He claims that the district court improperly admitted into evidence his responses to employment questions asked when he was booked. We find no error and therefore affirm.

Duarte was arrested after the car he was driving was stopped by police officers, initially for traffic violations. The officers testified that they saw two objects that turned out to be firearms thrown from the windows of the vehicle shortly before it stopped. Duarte and his passenger were arrested and placed in patrol cars to be transported to the police station. *Miranda* warnings were read to Duarte twice:[1] once after he was placed in the police cruiser and again at the police station before he was asked a series of questions from a standard police booking form. The questions included one asking his occupation and another asking his employer. Duarte responded that he was unemployed.

Duarte later sought suppression of his responses to the booking questions about his employment status,[2] claiming that the booking procedure created an "inherently coercive environment" that rendered his statements involuntary and, therefore, inadmissible. The district court found no Fifth Amendment violation, concluding that the employment status questions were not de-signed to elicit incriminating responses from Duarte and consequently fell within an exception to the *Miranda* rule for "routine booking questions." *See Pennsylvania v. Muniz*, 496 U.S. 582, 600–602, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990). The court also ruled that the New Bedford police had fully protected Duarte's Fifth Amendment rights by giving *Miranda* warnings twice following his arrest, including once shortly before posing the challenged questions.

■ We have no difficulty in concluding that the district court properly found no constitutional violation. The cases on which Duarte relies to demonstrate that standard booking questions can trigger a Fifth Amendment claim all involve instances in which no *Miranda* warnings were given. *See Muniz*, 496 U.S. at 600–02, 110 S.Ct. 2638; *United States v. Doe*, 878 F.2d 1546, 1550–52 (1st Cir.1989); *United States v. Gill*, 879 F.Supp. 149, 152 (D.Me.1995). Where, as here, the coercion inherent in custodial interrogation is dissipated by proper administration of the warnings,[3] *see Miranda v. Arizona*, 384 U.S. 436, 469, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), a defendant challenging admission of statements made subsequent to the warnings must point to evidence tending to show that his statements nonetheless were "coerced, compelled or involuntary." *United States v. Lawrence*, 889 F.2d 1187, 1189 (1st Cir.1989); *see, e.g., United States v. Jackson*, 918 F.2d 236, 241 (1st Cir.1990) (totality of the circumstances must be examined to determine voluntariness of an admission). Duarte offers no facts suggesting that the booking procedure was other than routine or that the officers used unusual pressure—or pressure of any sort, for that matter—to elicit responses to the questions about his employment status. *Cf. Lawrence*, 889 F.2d

---

1. At oral argument, the government pointed out that warnings actually were given three times. Because the district court's suppression ruling was based on the dual warnings, we refer here only to those two instances.

2. He also requested suppression of a ski mask recovered from his co-defendant on the night of their arrest, and a hooded sweatshirt, black rain pants, black hooded rain poncho and black flashlight found in the defendant's car. The government explained that it wished to introduce this physical evidence, Duarte's statement that he was unemployed, and the fact that $1,000 in cash was found in Duarte's possession at the time of his arrest to suggest that the defendant knowingly possessed the firearm and ammunition charged in the indictment in connection with "some kind of an armed robbery that evening."

3. There is no contention that the warnings were defective or that Duarte had requested counsel.

at 1190 (describing cases in which confessions were found to be voluntary despite circumstances suggestive of coercion); *Bryant v. Vose*, 785 F.2d 364, 368 & n. 4 (1st Cir.1986) (noting cases in which promises of leniency or other sorts of mental pressure were found to undermine voluntariness of a confession).[4] Defendant's claim of a Fifth Amendment violation is therefore without merit.

Having determined that the *Miranda* procedures provided full protection in this instance for Duarte's Fifth Amendment rights, we need not decide whether the challenged evidence also was admissible because the employment questions fell within the exception to the *Miranda* rule for questioning that is designed to obtain only routine booking information. *See Muniz*, 496 U.S. at 601, 110 S.Ct. 2638. A quick review of the record and caselaw indicate, however, that the exception would apply. *See United States v. Gotchis*, 803 F.2d 74, 78–79 (2d Cir.1986) (routine questions about employment do not require *Miranda* warnings).

*The judgment of the district court is affirmed.*

---

**4.** It is, of course, the government's burden to demonstrate a knowing and intelligent waiver of the privilege against self-incrimination when a defendant raises a colorable claim of coercion. *See Miranda v. Arizona*, 384 U.S. 436, 475, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *United States v. Jackson*, 918 F.2d 236, 241 (1st Cir.1990).